**UNITED STATES of America, Appellee,**

v.

**Dana WRIGHT, Appellant.**

**No. 93–2993.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided April 20, 1994.

William G. Jaco, Kansas City, MO., for appellant

David D. Newbert, Kansas City, MO., for appellee

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

KYLE, District Judge.

Dana Wright appeals his conviction by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and his 240 month sentence. We affirm.

The evidence of the appellant's guilt is overwhelming, and he does not challenge its

* The HONORABLE RICHARD H. KYLE, United States District Court Judge for the District of Minnesota, sitting by designation.

sufficiency on this appeal. Appellant does raise three issues for review.

 During the trial, one of the jurors advised the court,[1] via the clerk, that she may have recognized the defendant from her prior jury service in 1987 in Jackson County, Missouri. After discussion with counsel, and on motion of the defendant, the juror was excused and replaced with an alternate. Defense counsel, as part of his request to have the juror removed, also moved for a mistrial "based upon her [the juror's] failure to disclose that information during voir dire." There was no interrogation of the excused juror by the Court or counsel, the motion for mistrial was denied. On appeal, defendant urges this Court to reverse the conviction on the grounds that the excused juror may have conveyed her knowledge of the defendant to the other jurors. There is nothing in the record to support this position and counsel made no timely request to inquire of the jurors. In addition, Exhibit 1, a stipulation between the government and the defendant, listed defendant's prior convictions, including a "conviction for assault in Jackson County Circuit Court, Jackson County, Missouri ... on August 20, 1987." This exhibit was received into evidence at the beginning of the trial, and read to the jury. Under these circumstances, the motion for a mistrial was properly denied.

The second issue on appeal involves a comment made by the trial court during a sidebar conference outside the hearing of the jury. No objection or motion for mistrial was made. In addition, the jury did not hear the statement. The statement, in the context in which it was made, does not appear to us to be objectionable. We find no evidentiary or legal support for defendant's claim on this issue.

 Finally, the defendant urges the panel to overrule *Presley v. United States*, 851 F.2d 1052 (8th Cir.1988), and determine that Missouri had substantially restored the civil rights of released convicts. The issue was not presented to the district court and is not

properly before us. *United States v. White*, 890 F.2d 1033 (8th Cir.1989). In addition, a panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc. *Yates v. United States*, 753 F.2d 70 (8th Cir.) (per curiam), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985).

Accordingly the judgment of the district court is affirmed.

---

1. The Honorable Elmo B. Hunter, United States District Court Judge for the Western District of Missouri.