# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-4017

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Jessie J. Sprouse, | * | |
| | * | |
| Appellant. | * | |

————————

Submitted: September 14, 2004
Filed: January 5, 2005

————————

Before RILEY, LAY, and SMITH, Circuit Judges.

————————

RILEY, Circuit Judge.

Jessie J. Sprouse (Sprouse) appeals the judgment and sentence of the district court[1] following his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Sprouse to 260 months imprisonment. Sprouse contends the district court erred by ruling his two prior felony convictions for thefts of motor vehicles constituted (1) crimes of violence under the

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

United States Sentencing Guidelines (Guidelines), and (2) violent felonies for purposes of 18 U.S.C. § 924(e)(2)(B). We affirm.

## I. BACKGROUND

On August 29, 2002, Springfield, Missouri, police officers stopped a vehicle for failing to display a front license plate. Sprouse was a front-seat passenger in the vehicle. A search of the vehicle uncovered a Jennings Firearms Bryco, Model 59 MM, 9 millimeter pistol on the rear passenger-side floorboard. After the vehicle's occupants denied owning the gun, a fingerprint was removed from the magazine of the pistol and later identified as Sprouse's fingerprint. Because Sprouse was a felon, he was prohibited from possessing firearms.

The government charged Sprouse with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment also cited four previous felony offenses committed by Sprouse, two of which involved the theft of motor vehicles.

The U.S. Probation Office prepared a presentence investigation report (PSR), which reported Sprouse was sentenced to four years in prison in 1991 for stealing a car and a pickup truck from an auto dealership in New Madrid, Missouri, and driving the vehicles to Memphis, Tennessee, where Sprouse was apprehended. In 1995, Sprouse received five years in prison for stealing a pickup truck and a .30-.30 rifle and then damaging the truck by shooting into it. In 1997, Sprouse received three years in prison for exhibiting a sawed-off shotgun in an angry or threatening manner. The PSR recommended a base offense level of 24, because Sprouse violated 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The PSR also recommended the district court sentence Sprouse as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, which would result in an increase in Sprouse's base offense level to 33. The PSR calculated, based on fifteen criminal history points, a criminal history category of VI.

At sentencing, Sprouse conceded the 1997 conviction for exhibiting a shotgun in an angry or threatening manner was a crime of violence. Citing United States v. Sun Bear, 307 F.3d 747 (8th Cir. 2002), the district court overruled Sprouse's objections to the PSR's crimes of violence assessment and determined Sprouse's two felony convictions for motor vehicle thefts were crimes that carried a serious risk of violent confrontation. As a result, the district court relied on the PSR offense level calculation, assessed Sprouse's base offense level at 33, and sentenced Sprouse to 260 months in prison.

On appeal, Sprouse challenges his enhanced sentence, arguing his two prior felony motor vehicle theft convictions (1) were not crimes of violence for purposes of U.S.S.G. § 2K2.1, and (2) were not violent felonies under 18 U.S.C. § 924(e)(2)(B). Sprouse argues the district court should have looked at the facts and conduct underlying the prior felony convictions for motor vehicle theft before concluding the convictions were crimes of violence and violent felonies. In Sprouse's opinion, a person in Missouri can commit the offense of vehicle theft without violence.

## II.    DISCUSSION

We review for clear error the district court's findings of fact and review de novo its application of the sentencing guidelines. Sun Bear, 307 F.3d at 750.

Sprouse's arguments on appeal are based on the definitions of crimes of violence and violent felonies. Section 2K2.1(a)(2) of the Guidelines provides for an enhanced sentence if the defendant convicted of possessing a firearm had at least two prior felony convictions for a crime of violence. Crimes of violence include any offense that "presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The Armed Career Criminal Act (ACCA) directs that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony shall be "imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Violent felonies

under the ACCA include any offense that "presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). It is no coincidence section 4B1.2's definition of a crime of violence mirrors the ACCA's definition of a violent felony. In 1989, section 4B1.2's definition of a crime of violence was amended, and the current definition "is derived from 18 U.S.C. § 924(e) [i.e., the ACCA]." U.S.S.G. app. C, amend. 268 (1989). Because the definitions of crime of violence and violent felony are identical, the same analysis applies in determining whether Sprouse's convictions fall within the conduct defined.

In Sun Bear, we considered whether the attempted theft of an operable vehicle was a crime of violence. Sun Bear, 307 F.3d at 751-53. We first recognized our court has determined walkaway escapes and also burglaries of commercial buildings constituted crimes of violence. Id. at 752. With that precedent in mind, we reasoned that "[t]heft of a vehicle presents a likelihood of confrontation as great, if not greater, than burglary of commercial property, and it adds many of the dangerous elements of escape." Id. at 752. The crime involves a thief entering a vehicle at a time when the thief is likely to encounter a returning driver or passenger, a police officer, or a passerby, who may attempt to stop the theft. Id. at 752-53. These encounters carry a serious risk of violent confrontation. Id. at 753. We also applied common sense to recognize a thief fleeing in a vehicle operates a potentially deadly or dangerous weapon, the vehicle itself, with which he is likely unfamiliar, and the thief may be pursued, or perceive a threat of pursuit, and drive recklessly, turning any pursuit into a high-speed chase with potential harm to innocent people, to the police, and to the thief himself. Id. We concluded categorically that the "serious potential risks" associated with automobile theft "compel a holding that the theft or attempted theft of an operable vehicle is a crime of violence." Id.

Based on Sun Bear, we must conclude Sprouse's two felony motor vehicle theft convictions are crimes of violence and violent felonies, because the crimes present

a "serious potential risk of physical injury to another."[2]  Because this court already has addressed the arguments Sprouse raises here, we are bound by precedent.  United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) ("[A] panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc").

## III.    CONCLUSION

Accordingly, Sprouse was subject to enhanced punishment as an armed career criminal under the ACCA.  The judgment of the district court is affirmed.

LAY, Circuit Judge, concurring.

Because I believe we are bound by our holding in United States v. Sun Bear, 307 F.3d 747, 752-53 (8th Cir. 2002), I concur in the judgment of this case.  I write separately to voice my agreement with Judge Melloy in his dissent in Sun Bear, as well as the five judges who voted to rehear Sun Bear en banc.

The defendant in this case was charged and convicted of felony stealing.  Mo. Rev. Stat. § 570.030.  Like the prior offense at issue in Sun Bear, stealing of an operable motor vehicle under Missouri law is not a separate offense, but included as one of several offenses in a statute prohibiting the appropriation of the property or services of another.  See id.  In holding that attempted theft of an automobile is a crime of violence, the Sun Bear court found that:

---

[2]Although the court need not consider the facts underlying an individual defendant's prior convictions in order to determine whether they constitute "crimes of violence," see Taylor v. United States, 495 U.S. 575, 600-602 (1990), we note, in passing, that Sprouse's 1995 pickup theft included theft of a .30-.30 rifle and a shooting into the pickup, and his 1991 theft entailed driving vehicles to another state where Sprouse was confronted by police and apprehended.

> The crime begins when a thief enters and appropriates a vehicle, a time when he is likely to encounter a returning driver or passenger, a passerby, or a police officer, any of whom may be intent on stopping the crime in progress. As we observed in <u>Solomon</u>, an encounter between the thief and such a person carries a serious risk of violent confrontation. Once the thief drives away with the vehicle, he is unlawfully in possession of a potentially deadly or dangerous weapon. While he is absconding in the vehicle, with which he will probably be unfamiliar, the thief may be pursued or perceive a threat of pursuit. Under the stress and urgency which will naturally attend his situation, the thief will likely drive recklessly and turn any pursuit into a high-speed chase with the potential for serious harm to police or innocent bystanders.

<u>Sun Bear</u>, 307 F.3d at 752-53 (citations omitted). With this description, the <u>Sun Bear</u> court at most described the potential risks attendant to extreme instances of car theft, but by no means did it describe a generic case of simple car theft.

Most simple car thefts do not result in encounters between the felon and the owner of the vehicle, a police officer, or a passerby. Nor do most simple car thefts result in a pursuit, reckless driving, and high-speed chases. While it is true that the potential harm to persons from these scenarios may be described as the potential risks of a car theft, I do not think they may properly be described as *serious* potential risks. In my view, there must be some aggravating circumstance beyond simple car theft in order to categorically classify car theft as a crime that, by its nature, is a crime of violence.

For these reasons, I would not place simple car theft on the same level as burglary of a commercial dwelling, theft from a person, or escape. <u>See</u> <u>United States v. Griffith</u>, 301 F.3d 880, 885 (8th Cir. 2002) (finding that theft from a person is a "violent felony"); <u>United States v. Nation</u>, 243 F.3d 467, 472 (8th Cir. 2001) (ruling that all escapes constitute crimes of violence); <u>United States v. Hascall</u>, 76 F.3d 902, 904 (8th Cir. 1996) (finding that second degree burglary of a commercial building is

a crime of violence). In each of these cases, the probability that another person will be encountered during the commission of the crime is far greater than the potential of a harmful encounter during a simple automobile theft. See Sun Bear, 307 F.3d at 754 (Melloy, J., dissenting) (noting that the proximity of victim and felon in theft from a person, the enhanced law enforcement response to an escape, and the risk that a felon is not aware that a commercial building is occupied create greater potential risks of harm to a person than simple automobile theft). As the Fifth Circuit recognized in United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002), simple automobile theft does not present a serious potential risk of physical injury, it presents "a risk of injury to *property*, that is, the automobile." Id. (emphasis in original). Judge Melloy correctly noted in Sun Bear that simple car theft, by its nature, does not involve the same potential risks of injury to a *person*. Sun Bear, 307 F.3d at 755-56.

_____