# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1564

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Walter R. Barbour, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2004
Filed:  February 1, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Walter R. Barbour appeals his sentence, imposed after a guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  The district court[1] concluded that motor-vehicle theft is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Having jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

A person who violates section 922(g) shall be imprisoned not less than 15 years *if* he or she has three prior convictions for a violent felony. **18 U.S.C. § 924(e)(1)**. A violent felony "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." **18 U.S.C. § 924(e)(2)(B)**.

According to Barbour's presentence report, he had three convictions for violent felonies: robbery, forcible sodomy, and vehicle theft. The district court specifically decided that vehicle theft is a violent felony, over Barbour's objection.

This court reviews de novo the district court's determination that a prior offense constitutes a violent felony under section 924(e). *United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir.), *cert. denied*, 535 U.S. 1089 (2002). "In determining whether a prior conviction is a violent felony for purposes of sentence enhancement under § 924(e), a sentencing court may look beyond the fact of conviction and the statutory definition of the offense to other sources such as the charging documents." *United States v. Griffith*, 301 F.3d 880, 884-85 (8th Cir. 2002), *cert. denied*, 537 U.S. 1225 (2003). *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The vehicle-theft complaint and accompanying affidavit are set out in the appendix to this opinion.

This case is controlled by two decisions of this court. *See United States v. Sun Bear*, 307 F.3d 747 (8th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003); *United States v. Sprouse*, No. 03-4017, 2005 WL 17749 (8th Cir. Jan. 5, 2005). In *Sun Bear*, this court held that "the theft or attempted theft of an operable vehicle is a crime of violence under section 4B1.2 of the guidelines," due to the "serious potential risks" involved. *Sun Bear*, 307 F.3d at 753. The *Sprouse* court extended this rationale to section 924(e). *Sprouse*, 2005 WL 17749, at *2. *See United States v. Blahowski*, 324 F.3d 592, 594-95 (8th Cir.), *cert. denied*, 540 U.S. 934 (2003).

Barbour emphasizes that the Supreme Court recently held that "crime of violence" under 18 U.S.C. § 16 does not include driving-under-the-influence-of-alcohol offenses. *See **Leocal v. Ashcroft***, 125 S. Ct. 377, 383 (2004). Because *Sun Bear* and *Sprouse* addressed the precise issue here, this panel is bound by precedent. *See **United States v. Wright***, 22 F.3d 787, 788 (8th Cir. 1994).

Barbour's sentence is affirmed.

BRIGHT, Circuit Judge, with whom MELLOY, Circuit Judge, joins, concurring.

I concur in the judgment of this case, because I believe we are bound by our holdings in United States v. Sun Bear, 307 F.3d 747, 752-53 (8th Cir. 2002) and United States v. Sprouse, No. 03-4017, 2005 WL 17749 at *3 (8th Cir. Jan. 5, 2005). I write separately to voice my agreement with Judge Melloy in his dissent in Sun Bear, as well as Judge Lay's concurrence in Sprouse.

In light of the Supreme Court's recent opinion in Leocal v. Ashcroft, __ U.S. __, 125 S.Ct. 377, 383 (2004), which clarified that for a crime to be a "crime of violence" or a "violent felony" the crime must involve active violence, the continued validity of Sun Bear and Sprouse is now questionable. I suggest this case is a candidate for en banc consideration.

_____

-3-

# APPENDIX

## COMPLAINT

I, Melinda S. Whitman, Assistant District Attorney of said County, being duly sworn on oath state to the Court that on or about the 25th day of September, 1994, in the City of Prairie Village, County of Johnson and State of Kansas,

## WALTER R. BARBOUR

did then and there unlawfully, feloniously and willfully obtain or exert unauthorized control over property, to-wit: 1986 Chevrolet Caprice with the intention to permanently deprive the owner, to-wit: Mary Garcia of the possession, use or benefit of said property, of a value of at least $500.00 but less than $25,000, a severity level 9 non-person felony, in violation of K.S.A. 21-3701, K.S.A. 21-4704 and K.S.A. 21-4707.

## AFFIDAVIT

Comes now Melinda S. Whitman, an Assistant District Attorney for the Tenth Judicial District of the State of Kansas, of lawful age, being first duly sworn upon her oath, states as follows:

1. On September 25th, 1994 officers responded to 4501 W. 70th Terr. in Prairie Village, Johnson County, Kansas with regard to a stolen car which had just occurred. M    G    reported that someone had taken her 1986 Chevy Caprice car valued at over $500.00 without her permission or authority. A few seconds later she called dispatch again and said that a car matching the description of her car had just struck the front of her home. G    said that she had seen a male in the car wearing a hooded sweatshirt.

2. Several officers checked the area but could not find him. A canine unit was dispatched to the area and assisted in tracking down the suspect who was wearing a red sweatshirt with a gray hooded sweatshirt underneath. When officers found him in the backyard of 4500 W. 71st Street he yelled, "I give up."

3. The suspect was Mirandized and said that his name was Walter Barbour. He said he had received 6 grams of cocaine from two men named "Sting" and "Bay".

In payment for the cocaine he had to steal the 1986 Chevy, drive it to 59th and Brooklyn in Kansas City, Missouri and leave it there. The two men had been looking at the car for several days and wanted Barbour to steal it for them. The men dropped Barbour off a few houses from 4410 W. 70th Terr. and he walked to the Chevy, breaking into it and driving westbound on 70th Terr. The steering wheel locked causing him to loose control and strike 4501 W. 70th Terr. He then got out of the car and started to run though backyards.

4. The above information was provided from the reports of the Prairie Village Police Department.