# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1542

_____

United States of America,                           *
                                                    *
          Appellee,                      *
                                                    *  Appeal from the United States
    v.                                          *  District Court for the
                                                    *  Eastern District of Missouri.
Corey D. Williams,                                  *
                                                    *       [UNPUBLISHED]
          Appellant.                     *

_____

Submitted: February 7, 2006
Filed: February 14, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Corey D. Williams appeals the sentence imposed upon his guilty plea to possessing cocaine and to being a felon in possession of a firearm. For reversal Mr. Williams argues that the district court[1] erroneously determined his base offense level pursuant to U.S.S.G. § 2K2.1(a)(2) (felon in possession of firearm where prior felonies include at least two convictions for either crime of violence or controlled substance). In particular, Mr. Williams argues that stealing a motor vehicle, for which he has a prior state felony conviction, is not a crime of violence. Setting aside the

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

issue whether Mr. Williams properly preserved his objection, we conclude his argument is foreclosed by circuit precedent, see United States v. Barbour, 395 F.3d 826, 827-28 (8th Cir.), cert. denied, 126 S. Ct. 133 (2005); United States v. Sprouse, 394 F.3d 578, 580-81 (8th Cir. 2005); United States v. Sun Bear, 307 F.3d 747, 752-53 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003), and we decline Mr. Williams's invitation to reconsider Sprouse and Sun Bear:  only the court sitting en banc may do so, see United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994).  Accordingly, we affirm.

_____