# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1338

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | | Western District of Missouri. |
| Rusty Eugene McCoy, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 5, 2007
Filed: February 5, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Rusty McCoy pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Finding that McCoy was an armed career criminal, the district court[1] sentenced him to the statutory minimum of 15 years in prison. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. On appeal, McCoy challenges one of the predicate offenses underlying his armed-career-criminal status, arguing that aiding and abetting felony theft of a vehicle in violation of Kansas law should not automatically be deemed a "violent felony." See 18 U.S.C.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

§ 924(e)(2)(B)(ii) (defining "violent felony" as a crime that is punishable by more than one year in prison and "otherwise involves conduct that presents a serious potential risk of physical injury to another").  Reviewing de novo, see United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005), cert. denied, 126 S. Ct. 1345 (2006), we conclude that McCoy's challenge is unavailing.  See United States v. Barbour, 395 F.3d 826, 827-28 (8th Cir.) (under controlling precedent, Kansas vehicle theft is violent felony within meaning of § 924(e)), cert. denied, 126 S. Ct. 133 (2005). Accordingly, we affirm.

_____