# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1287

———————

United States of America,

        Appellee,

    v.

Luis A. Arechiga,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*     [UNPUBLISHED]
\*

———————

Submitted: February 1, 2007
Filed: February 5, 2007

———————

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Luis Arechiga appeals the district court's[1] imposition of consecutive 120-month and 96-month prison sentences following his conviction upon a jury verdict on one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. The imposition of consecutive sentences resulted in an upward variance from Arechiga's Guidelines range. For reversal, he argues that

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

the district court erred in considering his juvenile record from more than 10 years prior to his sentencing, and in treating car theft as a crime of violence.

To begin, we do not believe Arechiga's juvenile record was a factor in the formulation of his sentence because, although it was included (without objection) in the presentence report (PSR), it had no effect on the determination of his criminal history category, and the district court made only a passing reference to it at the sentencing hearing. Moreover, even if Arechiga's juvenile record was a factor in the court's decision to impose consecutive sentences, such consideration was not an abuse of discretion. See U.S.S.G. § 3553(a)(1) (factors to be considered in imposing sentence include history and characteristics of defendant); United States v. Flores, 9 F.3d 54, 56 (8th Cir. 1993) (in absence of objection, court may rely on factual allegations in presentence report); Swepston v. United States, 289 F.2d 166, 168 (8th Cir. 1961) (right to impose consecutive sentences is inherent in federal courts); cf. United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994) (juvenile conduct can be used as basis for upward departure, particularly if it is similar to conviction offense, or dissimilar but serious conduct); United States v. Griess, 971 F.2d 1368, 1374 (8th Cir. 1992) (per curiam) (juvenile convictions excluded from defendant's criminal history may be considered for upward departure under U.S.S.G. § 4A1.3). In this instance, Arechiga's juvenile offenses are dissimilar from his conviction offenses, but nonetheless include serious offenses such as aggravated robbery and auto theft.

Because Arechiga did not preserve his challenge to the district court's classification of auto theft as a crime of violence, we review that aspect of the district court's reasoning only for plain error. See Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); United States v. Jennings, 12 F.3d 836, 838-39 (8th Cir. 1994) (review is for plain error where issue was not raised at sentencing). We hold that the district court did not err--plainly or otherwise--as Arechiga's challenge is foreclosed by United States v. Barbour, 395 F.3d 826, 827-28 (8th Cir.), cert. denied, 126 S. Ct.

133 (2005), acknowledging as binding precedent <u>United States v. Sprouse</u>, 394 F.3d 578, 580-81 (8th Cir. 2005) (Missouri car theft is crime of violence for purposes of U.S.S.G. §§ 2K2.1 and 4B1.2(a)), and <u>United States v. Sun Bear</u>, 307 F.3d 747, 752-53 (8th Cir. 2002) (when thief enters and appropriates vehicle, possible encounter with returning driver, passenger, passerby, or police officer carries serious risk of violent confrontation, and risk of high-speed chase with potential for serious harm to others); <u>see also</u> <u>United States v. Wright</u>, 22 F.3d 787, 788 (8th Cir. 1994) (panel of this court is bound by prior Eighth Circuit decision unless prior decision is overruled by this court sitting en banc or by Supreme Court).

Accordingly, we affirm.

_____