# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1407

_____

United States of America,                    *
                                             *
               Appellee,                     *
                                             *    Appeal from the United States
        v.                                   *    District Court for the
                                             *    District of Minnesota.
William Edward Miller,                       *
                                             *    [UNPUBLISHED]
               Appellant.                    *

_____

Submitted: March 12, 2007
Filed: May 7, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

William Miller appeals his conviction for unlawful possession of a firearm as a previously convicted felon. He argues that the district court[1] erred in concluding that he was an armed career criminal, subject to a statutory minimum sentence of fifteen years' imprisonment, *see* 18 U.S.C. § 924(e)(1), and by enhancing his advisory guideline range based on his possession of a firearm in connection with another felony, USSG § 2K2.1(b)(5) (Nov. 2005). We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Miller pled guilty to unlawful possession of the handgun as a previously-convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was charged after police found a semi-automatic handgun in a stolen van that Miller was driving at the time of a traffic accident.

Prior to the instant offense, Miller had sustained three prior felony convictions for theft of a motor vehicle, two for attempted theft of a vehicle, and two for unauthorized use of a motor vehicle. Under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), a statutory minimum sentence of fifteen years' imprisonment applies if at least three of Miller's prior convictions are "violent felonies" under 18 U.S.C. § 924(e)(2)(B). *See United States v. Wilson,* 406 F.3d 1074, 1076 (8th Cir.), *cert. denied*, 126 S. Ct. 292 (2005). Under our precedent, Miller's three convictions for auto theft qualify as violent felonies. *Id.*; *United States v. Barbour*, 395 F.3d 826, 827 (8th Cir.), *cert. denied*, 126 S. Ct. 133 (2005); *United States v. Sun Bear*, 307 F.3d 747, 753 (8th Cir. 2002). These decisions are not undermined by the Supreme Court's opinion in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which involved a materially different statutory provision, *see United States v. McCall*, 439 F.3d 967, 971 (8th Cir. 2006) (en banc); *Barbour,* 295 F.3d at 828, and our precedent, of course, is binding on this panel. The district court thus properly classified Miller as an armed career criminal and correctly applied the mandatory minimum term of 180 months' imprisonment.

Because Miller was sentenced to the statutory minimum term of imprisonment, a favorable ruling on the question whether he possessed a firearm in connection with another felony could not reduce his sentence, so we need not consider the issue. The judgment of the district court is affirmed.

_____