# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2097

_____

United States of America,

        Appellee,

v.

Donald E. Tooley,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: July 3, 2007
Filed: July 9, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Donald E. Tooley (Tooley) appeals the sentence the district court[1] imposed following his guilty plea conviction for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Finding Tooley was an armed career criminal, the district court sentenced him to the statutory minimum of 15 years in prison. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. Tooley's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Counsel challenges one of the predicate offenses underlying Tooley's armed-career-criminal status, arguing that stealing a motor vehicle should not automatically be deemed a "violent felony." See 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as a crime that is punishable by imprisonment for more than one year and "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Tooley has filed a pro se "Motion to Suspend Brief and Briefing Schedule, Withdraw Counsel and Appoint Appellate Counsel," in which he argues counsel below was ineffective, and seeks appointment of new appellate counsel. We reject these arguments, and affirm the sentence.

Reviewing de novo, see United States v. Burling, 420 F.3d 745, 749 (8th Cir. 2005), we conclude that counsel's challenge is unavailing. See United States v. Barbour, 395 F.3d 826, 827-28 (8th Cir. 2005) (ruling under controlling precedent, a Kansas vehicle theft is violent felony within meaning of § 924(e)). As for Tooley's pro se argument, we adhere to the general rule that Tooley must raise his claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 proceeding, where the record can be properly developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues. We grant counsel's motion to withdraw, and we affirm. We also deny Tooley's pending motion.

_____