# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4165

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Tracy Lee Shenett, | * | District of Minnesota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 4, 2007
Filed: September 11, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tracy Lee Shenett appeals the 151-month prison sentence that the district court[1] imposed following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Shenett was sentenced as a career offender under U.S.S.G. § 4B1.1 on the basis of his prior Minnesota convictions for second-degree burglary of a liquor store and third-degree burglary of a restaurant. He argues he should not have been classified as a career offender because neither of these offenses were crimes of

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

violence, as defined in U.S.S.G. § 4B1.2(a), as neither involved entry of a dwelling or posed a serious risk of potential injury to another person.

As Shenett acknowledges, this court has held that commercial burglaries constitute crimes of violence under section 4B1.2 because of the serious potential risk of injury to others inherent in the offense. See United States v. Hascall, 76 F.3d 902, 904-06 (8th Cir. 1996); see also United States v. Bell, 445 F.3d 1086, 1087-88 (8th Cir. 2006); United States v. Blahowski, 324 F.3d 592, 595 (8th Cir. 2003). We are bound to follow this precedent and to affirm. See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (panel of this court is bound by prior Eighth Circuit decision unless prior decision is overruled by this court sitting en banc).

Accordingly, we affirm.

_____