# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1494

———————

United States of America,

        Appellee,

v.

Patrick Donald Hott,

        Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*

———————

Submitted: February 4, 2008
Filed: February 8, 2008

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Patrick Donald Hott appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to distribution of, and aiding and abetting the distribution of, in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. The court classified him as a career offender under U.S.S.G. § 4B1.1 on the basis of his prior Minnesota convictions for theft of a motor vehicle and second degree assault, resulting in an advisory Guidelines range of 262-327 months in prison, but departed downward after granting a U.S.S.G.

———————

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

§ 5K1.1 substantial-assistance motion by the government. For reversal, Hott argues that the career-offender provision should not have been applied because attempted theft of a motor vehicle is not a crime of violence, and that this Circuit's categorical approach classifying this offense as such in United States v. Sun Bear, 307 F.3d 747 (8th Cir. 2002), conflicts with the Supreme Court's holding in Leocal v. Ashcroft, 543 U.S. 1 (2004).

Hott's challenge is foreclosed by United States v. Barbour, 395 F.3d 826 (8th Cir. 2005), in which this court concluded that Sun Bear remains binding precedent after Leocal, and only the court sitting en banc may reverse Sun Bear's holding. See Barbour, 395 F.3d at 827-28 (Eighth Circuit precedent bound panel to hold vehicle-theft conviction constituted crime of violence); Sun Bear, 307 F.3d at 752-53 (holding categorically that "the theft or attempted theft of an operable vehicle is a crime of violence" under U.S.S.G. § 4B1.2); United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (panel of this court is bound by prior Eighth Circuit decision unless prior decision is overruled by this court sitting en banc).

Accordingly, we affirm.

_____