# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1407

———————

United States of America,

        Appellee,

     v.

William Edward Miller,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: May 28, 2008
Filed: December 30, 2008

———————

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

This case is before the court on remand from the Supreme Court for further consideration in light of *Begay v. United States*, 128 S. Ct. 1581 (2008). Miller pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). In his appeal, Miller argues that the district court erred in concluding that he was an armed career criminal, subject to the statutory minimum sentence of fifteen years' imprisonment, *see* 18 U.S.C. § 924(e)(1), and by enhancing his advisory guideline range based on his possession of a firearm in connection with another felony, pursuant to USSG § 2K2.1(b)(5).

Prior to the instant offense, Miller had sustained three prior felony convictions for theft of a motor vehicle, two for attempted theft of a vehicle, and two for unauthorized use of a motor vehicle, all in Minnesota. *See* Minn. Stat. § 609.52, subd. 2(17). Under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), a statutory minimum sentence of fifteen years' imprisonment applies if at least three of Miller's prior convictions are "violent felonies" under 18 U.S.C. § 924(e)(2)(B). In a prior opinion, we held that Miller's three convictions for auto theft qualified as violent felonies and affirmed the judgment of the district court. *United States v. Miller*, 223 F. App'x 522 (8th Cir. 2007) (per curiam), *vacated*, 128 S. Ct. 2047 (2008).

After this case was remanded, another panel of this court, relying on *Begay*, overruled circuit precedent and held that auto theft in Missouri is not a crime of violence under USSG § 4B1.2. *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir.), *reh'g denied*, 546 F.3d 961 (8th Cir. 2008). Miller was prosecuted under the theft statute in Minnesota, which provides that a person commits theft if he "takes or drives a motor vehicle without the consent of the owner or an authorized agent of the owner," knowing or having reason to know that consent was lacking. Minn. Stat. § 609.52, subd. 2(17). In light of *Williams*, our court has held that auto theft in Minnesota is not a crime of violence for purposes of USSG § 4B1.2. *United States v. Aleman*, Nos. 08-1079, 08-1173, 08-2115, 2008 WL 5119542, at *7 (8th Cir. Dec. 8, 2008). The *Williams* opinion stated that the inquiry applicable to § 4B1.2 also governs whether an offense is a violent felony under § 924(e), and thus effectively abrogated circuit precedent holding that auto theft in Missouri is a violent felony. *See United States v. Sprouse*, 394 F.3d 578, 581 (8th Cir. 2005). It follows from *Williams* and *Aleman* that Miller's conviction for auto theft in Minnesota is not a violent felony, and that *United States v. Wilson*, 406 F.3d 1074, 1076 (8th Cir. 2005), is no longer controlling. The convictions for unauthorized use of a motor vehicle, which were based on the same statute, and for the lesser included offense of attempted auto theft, also do not qualify. Accordingly, Miller should not have been sentenced as an armed

career criminal, and the statutory minimum of sentence of fifteen years' imprisonment does not apply.

For these reasons, we vacate the judgment of the district court and remand for resentencing. We decline at this juncture to address Miller's challenge to the district court's calculation of the advisory guideline range. *See United States v. Huber*, 404 F.3d 1047, 1063 (8th Cir. 2005).

_____