# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2633

_____

United States of America,         \*

                              \*

         Appellee,          \*

                              \*      Appeal from the United States

     v.                     \*      District Court for the

                              \*      District of Minnesota.

Patsy Ann Jackson,         \*

                              \*

         Appellant.         \*

_____

Submitted: November 10, 2008
Filed: February 4, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Patsy Jackson pleaded guilty to one count of conspiracy to distribute 500 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Pursuant to 21 U.S.C. § 841(b), the district court[1] sentenced Jackson to the mandatory minimum of 120 months. Jackson challenges the sentence as a violation of her Fifth Amendment due-process right. We affirm.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

## I. Background

Jackson was indicted in 2006 by a grand jury for one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine base. She pleaded guilty, and, as part of her plea, Jackson agreed to cooperate with the government. In exchange for substantial assistance, the government agreed to make a motion for a downward departure at the time of sentencing. Jackson was ultimately unable to offer assistance, and, as a result, the government did not file a motion for downward departure. Because Jackson had a limited role in the conspiracy as a drug runner and accepted responsibility, the Guidelines range was 78 to 97 months. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(2), 2D1.1(a)(3)(ii), 3B1.2, 3E1.1(a) (2006). Despite this advisory range, however, 21 U.S.C. § 841(b) mandates a minimum sentence of 120 months. The district court sentenced Jackson in accordance with this mandatory minimum.

## II. Discussion

Jackson challenges the mandatory 120-month sentence as violating her Fifth Amendment right to due process. She claims that her sentence fails to "account for the stated goals of the sentencing guidelines," which include fairness, uniformity, and proportionality, and is not supported by a rational basis. Jackson's challenge to the mandatory minimum is foreclosed by *United States v. Prior*, 107 F.3d 654 (8th Cir. 1997). In *Prior*, we held that outside of the capital-punishment realm, an "individualized sentencing determination is not a constitutional imperative." *Id.* at 658. We further concluded that mandatory-minimum sentences under § 841(b) "rationally serve[] to discourage illegal drug trafficking activity." *Id.* at 659. Jackson urges the panel to overrule our decision in *Prior*. We are not at liberty to do so, however, as "a panel of this Court is bound by a prior Eighth Circuit decision unless

that case is overruled by the Court sitting en banc." *United States v. Wright,* 22 F.3d 787, 788 (8th Cir. 1994).

Accordingly, the judgment of the district court is affirmed.

_____