# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2805

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Munz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: December 8, 2014
Filed: March 18, 2015
[Published]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Munz appeals his sentence of 46 months' imprisonment for conspiracy to manufacture methamphetamine. We affirm.

## I. *Background*

Munz pleaded guilty to a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The Sentencing Guidelines advisory range for his crime was 46 to 57 months' imprisonment.

At Munz's sentencing hearing, Munz requested a downward variance based in part on a proposed amendment to the Drug Quantity Table in § 2D1.1 of the Guidelines, which, if applied to Munz, would result in a two-level reduction in Munz's total offense level.[1] Munz and his lawyer also emphasized to the district court,[2] among other things, that Munz had no criminal record, a generally good work history, and a difficult childhood. The court considered Munz's background, but it also noted that he had twice tested positive for marijuana use during his pretrial release, denied using marijuana despite the positive test results, and had a history of using both marijuana and methamphetamine. In light of these and the other sentencing factors set forth in 18 U.S.C. § 3553(a), the court declined to vary Munz's sentence below the Guidelines range and instead sentenced him to 46 months in prison—which was at the bottom of the Guidelines range—followed by three years of supervised release.

## II. *Discussion*

Munz argues on appeal that the district court erred in failing to consider the proposed amendment to the Guidelines and also imposed a substantively unreasonable sentence. We review the district court's application of the Guidelines

---

[1] Generally speaking, the amendment to the Drug Quantity Table reduces by two levels the offense levels assigned for certain drug trafficking offenses. Although the United States Sentencing Commission proposed the amendment on April 30, 2014, the amendment was not yet in effect at the time of Munz's sentencing.

[2] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

de novo, *United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009), and the reasonableness of the district court's sentencing decision for an abuse of discretion, *United States v. Reynolds*, 643 F.3d 1130, 1134 (8th Cir. 2011).

The district court did not err when it declined to consider the proposed amendment in reaching its sentencing determination. The proposed amendment was not in effect at the time Munz was sentenced. *See United States v. Allebach*, 526 F.3d 385, 389 (8th Cir. 2008) ("[T]he district court was not required to consider the pending guidelines amendment. Consideration of the pending amendment is merely permissible, not required.").

With respect to Munz's argument challenging the substantive reasonableness of his sentence, we note at the outset that "it will be the unusual case when [this court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)); *see also United States v. Deegan*, 605 F.3d 625, 634 (8th Cir. 2010) ("Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness."). After a careful review of Munz's contentions on appeal and the record before us, including Munz's apparent use of marijuana in violation of the terms of his pretrial release and subsequent denial of the same, we conclude that Munz's sentence was not unreasonably harsh.

Munz may disagree with how the district court weighed certain aspects of his presentence report relative to the "positive parts" of the report, as he contends on appeal, but that alone does not justify reversal in this case. *United States v. Wilcox*, 666 F.3d 1154, 1157–58 (8th Cir. 2012) (holding that "[t]he district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the 'wide

latitude [given] to individual district court judges in weighing relevant factors.'" (quoting *United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011))); *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010) (alterations in original) ("The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

### III. *Conclusion*

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____