# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3676

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua David Charter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joshua David Charter appeals, challenging the sentence imposed by the district court[1] following his guilty plea to one count of being a felon in possession of a

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Charter argues the court erred in applying a four-level enhancement at sentencing pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense.[2] He also claims the government's investigation in this matter continued for an unnecessarily lengthy period, which Charter claims resulted in sentencing manipulation.[3]

This court "review[s] de novo the district court's interpretation and application of the Guidelines." United States v. Jackson, 633 F.3d 703, 705 (8th Cir. 2011). "The district court's determination that the defendant possessed the firearm[] in connection with another felony is a factual finding that we review for clear error." United States v. Bates, 561 F.3d 754, 758 (8th Cir. 2009) (alteration in original) (quoting United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008)).

The application of the sentencing enhancement in this case was not error. The other felony offense supporting the enhancement is Iowa Code § 724.4(1), a firearm offense and an aggravated misdemeanor that qualifies as "another felony offense" because it is punishable by imprisonment for up to two years. United States v.

---

[2]U.S.S.G. § 2K2.1(b)(6)(B) prescribes a four-level enhancement to the advisory Guidelines offense level if the defendant "used or possessed [the] firearm . . . in connection with another felony offense." "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

[3]Charter additionally filed two motions pro se–a motion to subpoena and reserve for error, and a motion to vacate, set aside, or correct the sentence due to ineffective assistance of counsel. These claims should be presented (if at all) in collateral proceedings, as the record has not been sufficiently developed for the court to pass on the merits, and thus we deny without prejudice Charter's motions. United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

Walker, 771 F.3d 449, 451 (8th Cir. 2014). Charter claims that the government based the four-level increase on three instances where his conduct violated the Iowa law and that these three actions were "not sufficiently separate to apply the enhancement but rather they were inextricably intertwined to require applying [the § 2K2.1(b)(6)(B)] exclusion and refraining from imposing the four-level enhancement." He additionally argues that use of the enhancement on these facts resulted in impermissible "double-dipping." Both arguments are without merit and are expressly foreclosed by Walker. 771 F.3d at 452-53 ("[Iowa Code] § 724.4(1) does not fall within the narrow Note 14(C) exclusion for '*the* . . . firearms possession . . . offense' (emphasis added), and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) does not implicate the 'double counting' concerns underlying our decision in [United States v. Lindquist, 421 F.3d 751, 756 (8th Cir. 2005)]."); but see United States v. Sanford, 813 F.3d 708, 715-18 (8th Cir.) (Bye, J., concurring) (questioning this court's precedent on this issue and encouraging the court en banc to revisit the matter), cert. denied, 137 S. Ct. 260 (2016); United States v. Boots, 816 F.3d 971, 975-76 (8th Cir.) (Melloy, J., concurring) (same), cert. denied, 137 S. Ct. 209 (2016). "A panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc." United States v. Manning, 786 F.3d 684, 686 (8th Cir.) (quoting United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994)), cert. denied, 136 S. Ct. 278 (2015).

Charter additionally claims that the district court erred in failing to grant a downward departure and that the resulting sentence was substantively unreasonable, an alleged error we review for an abuse of discretion. United States v. Munz, 780 F.3d 1199, 1200 (8th Cir. 2015). Charter claims that because the government could have arrested him much earlier, yet "lured [him] into making ten additional sales of firearms to the same undercover agent," it unnecessarily manipulated his sentence and the court should have recognized this fallacy by granting a downward departure.

Even assuming Charter preserved this claim properly before the district court,[4] this argument likewise fails. It was not an abuse of discretion for the district court to reject any suggestion of sentencing manipulation. United States v. Moran, 612 F.3d 684, 692 (8th Cir. 2010) (rejecting a claim of sentencing manipulation when law enforcement had legitimate investigative reasons for increasing buys, including an attempt to identify the source and/or scale of supply and trafficking). On the § 3553(a) factors, alone, the district court likewise did not err, as the sentencing colloquy reveals the court's careful consideration of the factors.

For the reasons stated herein, we affirm.

_____

[4]At sentencing, Charter conceded that he could not, as a legal matter, succeed on a claim of sentencing manipulation on these facts.