# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2727

_____

United States of America

*Plaintiff - Appellee*

v.

Trae Charles Bell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 10, 2017
Filed: April 18, 2018
[Unpublished]

_____

Before RILEY,[1] Chief Judge, GRUENDER, Circuit Judge, and SCHREIER,[2] District Judge.

_____

[1] The Honorable William Jay Riley, then Chief Judge, United States Court of Appeals for the Eighth Circuit, now retired, took no part in this decision. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

[2] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

PER CURIAM.

Trae Charles Bell pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the government argued Bell was an armed career criminal under 18 U.S.C. § 924(e)(1), also known as the Armed Career Criminal Act (ACCA), which imposes a fifteen year mandatory minimum sentence on anyone convicted of being a felon in possession of a firearm who has three prior violent felony convictions. The district court found that Bell's three prior convictions for second-degree burglary in Missouri–one from 2003 and two from 2005–fell within the ACCA enhancement and sentenced Bell to fifteen years in prison. Bell now appeals his sentence, arguing that his prior burglary convictions are not predicate felonies under the ACCA.

This Court has previously ruled that Missouri's second-degree burglary statute, Mo. Rev. Stat. § 569.170(1), is divisible and subject to analysis under the modified categorical approach. *United States v. Sykes*, 844 F.3d 712, 715-16 (8th Cir. 2016). This Court's recent en banc decision in *United States v. Naylor*, No. 16-2047, --- F.3d ----, 2018 WL 1630249, at *1 (8th Cir. Apr. 5, 2018) (en banc), however, overruled the panel decision in *Skyes*. Specifically, the *Naylor* Court overruled *Skyes* by concluding that Mo. Rev. Stat. § 569.170 was "indivisible as to the phrase 'building or inhabitable structure.' "[3] *Id.*, 2018 WL 1630249 at *7. The *Naylor* Court further concluded that "[b]ecause the Missouri second-degree burglary statute covers more conduct than does generic burglary, . . . convictions for second-degree burglary under Mo. Rev. Stat § 569.170 (1979), do not qualify as violent felonies under the ACCA." *Id.*; *see also id.* at *10 (Colloton, J., concurring).

---

[3]The *Naylor* Court examined Mo. Rev. Stat. § 569.170 as it existed from January 1, 1979, until December 31, 2016, and expressed no opinion as to whether convictions under earlier or later versions of the statute qualify as violent felonies under the ACCA. *Naylor*, 2018 WL 1630249 at *1 n.2.

It has long been the rule in this Circuit that "a panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc." *United States v. Wright*, 22 F.3d 787, 788 (8th Cir. 1994). Although *Skyes* was binding precedent at the time this case was submitted, the subsequent decision of the en banc Court in *Naylor* controls now. Thus, because Bell's three prior convictions for second-degree burglary under Mo. Rev. Stat § 569.170 fall within the time period addressed by the *Naylor* Court, those convictions do not qualify as violent felonies under the ACCA. As a result, Bell's sentence is vacated and this case is remanded to the district court for resentencing. Bell's motion to remand this case to the district court for reconsideration in light of the Court's en banc decision in *Naylor* is denied as moot.

_____