# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1156

_____

United States of America

*Plaintiff - Appellee*

v.

Cleo Dominique Miller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: November 11, 2019
Filed: March 2, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cleo Dominique Miller possessed a loaded firearm when he was arrested in Council Bluffs, Iowa. Miller pleaded guilty to the state offense of carrying weapons, in violation of Iowa Code § 724.4(1). A federal grand jury later charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). Miller pleaded guilty to the federal offense. Varying downward from the advisory Guidelines range of 57 to 71 months, the district court[1] sentenced him to 51 months' imprisonment.

Miller argues that the district court erred in applying the sentencing enhancement for using or possessing a firearm in connection with another felony offense. See U.S. Sentencing Guidelines § 2K2.1(b)(6)(B). He contends that the enhancement does not apply when the underlying offense is essentially identical to the federal offense, but rather applies only when the firearm possession aids or advances separate conduct. We rejected this argument in United States v. Walker, 771 F.3d 449, 451-53 (8th Cir. 2014), which held that the Iowa offense for carrying weapons in violation of Iowa Code § 724.4(1) constitutes another felony offense for purposes of Guidelines § 2K2.1(b)(6)(B). Walker controls here, and we thus conclude that the district court properly applied the enhancement. See United States v. Manning, 786 F.3d 684, 686 (8th Cir. 2015) ("A panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc." (quoting United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994))).

Miller also argues that his sentence is substantively unreasonable. He claims that the district court gave undue weight to the circumstances of the offense and his history of domestic violence, while giving inadequate weight to his positive family relationships and his cooperation during the arrest. We conclude that the district court did not commit a clear error of judgment in deciding the weight to accord the sentencing factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("A district court abuses its discretion when it . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (internal quotation marks and citation omitted)); see also United States v. King, 898

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). The sentence is thus not substantively unreasonable.

    The judgment is affirmed.

_____