# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2482

———————————————

United States of America

*Plaintiff - Appellee*

v.

Adam Joe Holder

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: April 6, 2020
Filed: April 9, 2020
[Unpublished]

——————————

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Adam Joe Holder appeals after he pleaded guilty to a drug offense, and the district court[1] imposed a sentence at the bottom of the advisory sentencing guideline

———————————————

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

range. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Holder has filed a pro se brief, in which he argues that he received ineffective assistance of counsel, and suggests that he entered into his plea unknowingly.

To begin, we decline to consider any ineffective-assistance claims on direct appeal, as they are best litigated in collateral proceedings where the record can be properly developed. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006); United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002). To the extent Holder challenges the voluntariness of his plea, we conclude that any involuntary-plea claim is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010).

As to Holder's challenge to the reasonableness of his sentence, after carefully reviewing the record, we conclude that the district court did not impose a substantively unreasonable sentence. There is no indication that the court overlooked a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors, as the court appropriately explained its reasoning and exercised its wide discretion when it balanced Holder's background and drug addiction against the serious circumstances of the offense and his significant criminal history. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc); see also United States v. Munz, 780 F.3d 1199, 1200-01 (8th Cir. 2015) (per curiam).

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm the judgment.

_____