# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1174

———————

United States of America,

         Appellee,

v.

Todd Scott,

         Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*
\*

———————

Submitted: June 21, 2005
Filed: July 13, 2005

———————

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and COLLOTON, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Todd Scott appeals from his conviction and sentence for being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). We affirm.

Mr. Scott had earlier been convicted for stealing a car, *see* Mo. Rev. Stat. § 570.030 (1994), and the district court,[1] following *United States v. Sun Bear*, 307 F.3d 747 (8th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003), enhanced his

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

sentence on the ground that this previous offense was a crime of violence, *see* U.S.S.G. § 4B1.2(a)(2). *Sun Bear* reasoned that auto theft qualified for an enhancement under the guideline (which provides that a crime is a "crime of violence" if it "involves conduct that presents a serious potential risk of physical injury to another," U.S.S.G. § 4B1.2(a)(2)), because auto theft involved a number of serious risks that the perpetrator would offer violence to a person. *Sun Bear*, 307 F.3d at 752-53. We are aware that there are cases to the contrary in other circuits; but *Sun Bear* rejected their reasoning and we are therefore obligated to reject Mr. Scott's argument. *See id.*

Mr. Scott directs our attention to an intervening Supreme Court case, *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004). The question in *Leocal* was whether a driving-while-intoxicated offense was a "crime of violence" within the meaning of 18 U.S.C. § 16, which, as relevant here, defines such a crime as an offense "that, by its nature, involves a substantial risk that physical force against the person ... of another may be used in the course of committing the offense." In rejecting the government's proposed interpretation of the statute, the Court noted that the statute required a risk that force "be used," a phrase that contemplated an intentional resort to violence by the perpetrator. *See Leocal*, 125 S. Ct. at 382-83. The offense of driving while intoxicated, of course, does not fall in that category. The present case, on the other hand, involves just such an offense according to the reasoning in *Sun Bear*. More relevantly, the guideline applicable here does not require a risk that force be "used," only that there be conduct that involves a risk of "physical injury." *Leocal* is therefore entirely inapposite. *See Leocal*, 125 S. Ct. at 383 n.7.

Mr. Scott also maintains that the district court denied him his sixth amendment rights because it enhanced his sentence on the basis of facts not found by a jury. This argument is meritless. The only fact on which the district court based its enhancement was the fact of a prior conviction, a matter on which the sixth amendment does not require a jury to pass. *See United States v. Booker*, 125 S. Ct.

738, 756 (2005). The question of whether the conviction, once found as a fact, is a crime of violence under the guidelines is a legal question, and therefore one for a court to decide. *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).

Nor do we discern any reversible error in the district court's assumption when passing sentence on Mr. Scott that the sentencing guidelines were mandatory. While *Booker* held that they were not, Mr. Scott did not raise a sixth-amendment objection below. We therefore review the matter for plain error. Our examination of the record reveals no reasonable probability that the district court would have imposed a lower sentence if it had applied the correct legal rule, so Mr. Scott is not entitled to relief. *United States v. Pirani*, 406 F.3d 543, 550-51 (8th Cir. 2005) (en banc).

Affirmed. Mr. Scott's pending motion to remand for resentencing is denied.

_____