# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2615

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Gordon Charles Warren, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 12, 2005
Filed: October 28, 2005

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Warren pleaded guilty to being a felon in possession of a firearm. The district court[1] determined his sentencing range under the United States Sentencing Guidelines (U.S.S.G.) to be seventy to eighty-seven months because his prior two felony convictions were crimes of violence. Warren disputes this conclusion as to one of the prior felonies: his Minnesota conviction for making terroristic threats.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We review de novo a district court's determination a prior offense is a crime of violence.  See United States v. Johnson, 326 F.3d 934, 936 (8th Cir. 2003); United States v. Griffith, 301 F.3d 880, 884 (8th Cir. 2002).  Section § 4B1.2(a) of the U.S.S.G. reads "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that– (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."

Warren's prior conviction was for "threaten[ing], directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in reckless disregard of the risk of causing such terror . . . ."  Minn. Stat. Ann. § 609.713 (2003). On its face, the Minnesota statute requires a threat of violence for conviction. See Chanmouny v. Ashcroft, 376 F.3d 810, 814 (8th Cir. 2004) (citing State v. Schweppe, 237 N.W.2d 609, 614 (Minn. 1975)).  Looking at the statute of conviction, the crime of making terroristic threats clearly falls under U.S.S.G. § 4B1.2(a).

Warren's attempt to have us look beyond the statute of conviction and charging documents to the facts underlying the conviction is misplaced.  See Shepard, 125 S. Ct. 1254, 1256 (2005); Taylor v. United States, 495 U.S. 575, 602 (1990); United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005).  However, even if we looked to the facts underlying the conviction, we would conclude Warren's prior conviction constitutes a "crime of violence" because threatening murder is properly considered a threatened use of physical force, whether or not the threatened action is likely to be attempted or the threat credible.  See U.S.S.G. § 4B1.2 comment (n.1); United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999) (holding threat to "blow the whole city up" is a crime of violence); see also Chanmouny v. Ashcroft, 376 F.3d 810, 812 (8th Cir. 2004) (noting the Minnesota terroristic threat statute "on its face deals with an individual threatening violence against another").

Warren also claims the district court's determination of his prior conviction as a crime of violence violates his Sixth Amendment rights. Judicial determinations of a conviction as a crime of violence do not implicate the Sixth Amendment. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005); <u>United States v. Scott</u>, 413 F.3d 839, 840 (8th Cir. 2005); <u>United States v. Reeves</u>, 410 F.3d 1031, 1035 (8th Cir. 2005) (sentencing a defendant under career offender provision based upon judicial finding of prior conviction does not violate <u>Booker</u>). Accordingly, the district court appropriately determined Warren's prior Minnesota conviction for making terroristic threats constituted a "crime of violence" for purposes of applying a sentence enhancement under U.S.S.G. § 4B1.2.

We therefore affirm the district court.

_____