UNITED STATES of America, Appellee

v.

Kenneth D. WILLIAMS, Appellant.

No. 07–2679.

United States Court of Appeals,
Eighth Circuit.

Nov. 3, 2008.

Thomas Joseph Mehan, Dean John Sauer, U.S. Attorney's Office, St. Louis, MO, for Appellee.

Diane Dragan, Assistant, Federal Public Defender's Office, St. Louis, MO, Kenneth D. Williams, Forrest City, AR, for Appellant.

COLLOTON, Circuit Judge, with whom LOKEN, Chief Judge, and RILEY, Circuit Judge, join, dissenting from denial of rehearing en banc.

The panel opinion in this case, *United States v. Williams,* 537 F.3d 969 (8th Cir. 2008), overruled settled precedent of this court holding that the offenses of auto theft without consent and tampering by operation in Missouri are "crimes of violence" within the meaning of USSG § 4B1.2. *See United States v. Scott,* 413 F.3d 839, 840 (8th Cir.2005) (auto theft); *United States v. Bockes,* 447 F.3d 1090, 1092–93 (8th Cir.2006) (tampering by operation); *see also United States v. Sun Bear,* 307 F.3d 747, 753 (8th Cir.2002) (attempted auto theft in Utah). Treating "crime of violence" in § 4B1.2 as interchangeable with "violent felony" in 18 U.S.C. § 924(e), *Williams,* 537 F.3d at 971, the panel also purported to overrule circuit precedent holding that each of these Missouri offenses is a "violent felony" within the meaning of § 924(e). *See United States v. Sprouse,* 394 F.3d 578, 581 (8th Cir.2005)

(auto theft); *United States v. Johnson,* 417 F.3d 990, 997 (8th Cir.2005) (tampering by operation). Because the Supreme Court's decision in *Begay v. United States,* —— U.S. ——, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), does not justify the panel's disregard of circuit precedent, and because I also view the status of these offenses under § 4B1.2 and § 924(e) as matters of exceptional importance, I would grant the government's petition for rehearing en banc.

Under the prior panel rule, "[o]ne panel of this Court is not at liberty to disregard a precedent handed down by another panel." *Drake v. Scott,* 812 F.2d 395, 400 (8th Cir.1987). Only the court en banc may overrule circuit precedent, subject to a limited exception in the case of an intervening Supreme Court decision that is inconsistent with circuit precedent. *Young v. Hayes,* 218 F.3d 850, 853 (8th Cir.2000). The *Williams* panel invoked this exception, asserting that *Begay* "compels us to disregard *Sun Bear* and its progeny." 537 F.3d at 971.

In *Begay,* the Supreme Court held that the offense of driving under the influence of alcohol, as defined in New Mexico's criminal statutes, is not a violent felony for purposes of § 924(e). The Court analyzed the so-called "otherwise" clause in the statute, which defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The Court in *Begay* reasoned that "the provision's listed examples—burglary, arson, extortion, or crimes involving the use

of explosives—illustrate the kinds of crimes that fall within the statute's scope." 128 S.Ct. at 1584–85. The Court thus concluded that clause (ii) in the definition is limited to "crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Id.* at 1585. The Court explained that the listed crimes "typically involve purposeful, violent, and aggressive conduct," making it "more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim," and thus are "characteristic of the armed career criminal, the eponym of the statute." *Id.* at 1586 (internal quotation omitted). By contrast, the Court viewed statutes that forbid driving under the influence as "most nearly comparable to crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Id.* at 1586–87 (punctuation omitted). Finding no reason to believe that Congress intended to bring within the statute's scope such crimes as reckless or negligent polluting, reckless tampering with consumer products, and inattentive seamanship causing serious ac-

cidents, the Court held that driving under the influence was not a violent felony. *Id.* at 1587–88.

Auto theft, of course, is not a strict liability crime, so the holding in *Begay* is not directly on point. *Begay* does establish that, in addition to involving conduct that presents a serious potential risk of physical injury to another, a qualifying offense must be "roughly similar in kind" to the offenses listed in § 924(e). 128 S.Ct. at 1585 (punctuation omitted). Assuming that this same analysis should apply to the definition of "crime of violence" under USSG § 4B1.2,[1] our circuit precedent in *Sun Bear*, which was applied to Missouri auto theft in *Scott*, did not ask merely whether the offense of auto theft was a crime whose elements necessarily presented a serious potential risk of potential injury to another. *Cf. United States v. McCall*, 439 F.3d 967, 971 (8th Cir.2006) (en banc). *Sun Bear* also compared auto theft to the offense of burglary, as well as to attempted burglary, which is a covered offense under the Supreme Court's decision in *James v. United States*, 550 U.S.

1. Citing circuit precedent, the *Williams* panel concluded that in determining whether an offense qualified as a "crime of violence" under USSG § 4B1.2, it was bound by decisions analyzing whether an offense is a "violent felony" under 18 U.S.C. § 924(e). 537 F.3d at 971; *see, e.g., United States v. Bell*, 445 F.3d 1086, 1090 (8th Cir.2006) ("Though [Congress and the Sentencing Commission] used different operative terms, crime of violence and violent felony, in this context the two terms should have the same meaning, both as a matter of statutory construction and to avoid sentencing disparity."). Other circuits disagree, observing that the statute and the guideline were adopted by different bodies at different times, that the texts of the provisions are not identical, and that the Sentencing Commission has added authoritative commentary to § 4B1.2, which does not apply to § 924(e). *E.g., United States v. Begay*, 470 F.3d 964, 969–70 (10th Cir.2006), *rev'd on other grounds*, —— U.S. ——, 128 S.Ct. 1581,

170 L.Ed.2d 490 (2008); *id.* at 978 n. 1 (McConnell, J., dissenting in part); *United States v. Guerra*, 962 F.2d 484, 487 (5th Cir. 1992); *United States v. Parson*, 955 F.2d 858, 870–72 & n. 17 (3d Cir.1992); *see* USSG § 4B1.4, comment. (n.1) ("It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender)...."). If the analysis under § 4B1.2 should emphasize whether an offense of conviction is "similar in kind to the example crimes," *Williams*, 537 F.3d at 972, then it seems relevant that the guideline commentary includes seven example crimes that do not appear in § 924(e). *See* USSG § 4B1.2, comment. (n.1) (" 'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.").

192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007):

> Theft of a vehicle presents a likelihood of confrontation as great, if not greater, than burglary of commercial property, and it adds many of the dangerous elements of escape. The crime begins when a thief enters and appropriates a vehicle, a time when he is likely to encounter a returning driver or passenger, a passerby, or a police officer, any of whom may be intent on stopping the crime in progress. As we observed in [*United States v. Solomon*, 998 F.2d 587, 589 (8th Cir.1993), a case involving attempted burglary], an encounter between the thief and such a person carries a serious risk of violent confrontation. Once the thief drives away with the vehicle, he is unlawfully in possession of a potentially deadly or dangerous weapon. While he is absconding in the vehicle, with which he will probably be unfamiliar, the thief may be pursued or perceive a threat of pursuit. Under the stress and urgency which will naturally attend his situation, the thief will likely drive recklessly and turn any pursuit into a high-speed chase with the potential for serious harm to police or innocent bystanders.

*Sun Bear*, 307 F.3d at 752–53 (citations omitted). In *Bockes*, our court held that the same is true regardless of whether the offender's intent to deprive the vehicle owner of possession is temporary or permanent, so that tampering by operation in Missouri also qualifies as a crime of violence. 447 F.3d at 1092–93 & n. 3 (applying the rationale of *Johnson*, 417 F.3d at 997–99).

In overruling this precedent, the *Williams* panel concluded that whether auto theft without consent is a "crime of violence" ultimately depends on whether the offense is similar in kind to the offense of burglary. 537 F.3d at 974 (citing *Begay*, 128 S.Ct. at 1589 (Scalia, J., concurring in the judgment)). The panel reasoned that burglary is a "violent and aggressive" offense because of " 'the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.' " 537 F.3d at 974 (quoting *Taylor v. United States*, 495 U.S. 575, 588, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

The panel's rationale for distinguishing auto theft from burglary in this respect consists of one sentence: "In contrast, while auto theft without consent may involve some potential for confrontation, it does so to a far lesser extent." *Id.* at 974. This *ipse dixit* is contrary to the conclusion of the *Sun Bear* panel on precisely the same question. *See Sun Bear*, 307 F.3d at 752 ("Theft of a vehicle presents a likelihood of confrontation as great, if not greater, than burglary of commercial property, and it adds many of the dangerous elements of escape."). The *Williams* panel simply adopted the conclusion of the *Sun Bear* dissent, *id.* at 755 (Melloy, J., dissenting), on a question about which the Supreme Court's decision in *Begay* says nothing. *Begay* did not compel the *Williams* panel "to disregard *Sun Bear* and its progeny," 537 F.3d at 971, because *Sun Bear* conducted the very analysis about likelihood of confrontation that the *Williams* panel found dispositive under *Begay*.[2]

---

2. The *Williams* panel's reliance on Justice Scalia's concurring opinion in *Begay* to identify the enumerated offense for comparison is curious, given that the concurrence disagreed with the adoption of a "purposeful, violent, and aggressive conduct" requirement, and concluded that *Begay* would provide little guidance to the courts of appeals. 128 S.Ct. at 1589 (Scalia, J., concurring in the judgment) (internal quotation omitted). If the purpose of the panel's comparison between auto theft and an enumerated offense is to determine whether auto theft is similarly "vi-

The *Williams* panel's conclusion about the offense of tampering by operation is largely derivative of its conclusion on auto theft, and it therefore depends on the same claim of authority to disregard circuit precedent regarding auto theft. *See Williams*, 537 F.3d at 975 ("[S]ince tampering is generally a lesser included offense to auto theft, we would be hard pressed to find auto tampering a crime of violence when we have now decided auto theft without consent or by deceit is not such a crime."). The additional reasoning of the panel on tampering by operation draws on arguments that are inapposite to the offense in question, *compare id.* at 974 (referring to tampering by "receiving, possessing, selling, altering, or defacing an automobile"), *with Johnson*, 417 F.3d at 997–98 (limiting decision to "tampering by unlawful operation"), that were rejected by the panels in *Bockes* and *Johnson*, *compare Williams*, 537 F.3d at 974–75 ("[A]uto tampering is less serious than auto theft because it does not require that the offender intend to permanently deprive the owner of the vehicle."), *with Johnson*, 417 F.3d at 997 (concluding that "[t]he Missouri offenses of 'tampering by operation' and 'automobile theft' differ only with respect to the permanence of the offender's intent to deprive the owner of possession" and holding that the two offenses are equally serious), or that were otherwise available to litigants long before *Begay*. *See Williams*, 537 F.3d at 975 ("Congress intended the Armed Career Criminal Act to encompass serious crimes that are committed as means of sustaining the offender's livelihood.").

Whether or not the *Williams* panel had followed circuit precedent, the status of auto theft and tampering by operation under USSG § 4B1.2 and 18 U.S.C. § 924(e) are difficult and important questions deserving of en banc consideration. *See Johnson*, 417 F.3d at 990 n. * (Westlaw). As Mr. Williams notes in his response to the petition for rehearing, "[t]his Court has repeatedly denied claims that the issue of whether car theft or tampering is a violent felony under either provision is so exceptionally important to justify rehearing *en banc*." (Resp. to Pet. for Reh'g at 10). Perhaps that decision was appropriate when the points were decided in the normal course by whichever randomly-assigned panel first encountered the issues. But because the classification of these offenses affects significant terms of imprisonment for a substantial number of criminal defendants, the law of the circuit should not depend on which three-judge panel, among many with comparable cases pending, first volunteers to decide the questions in the aftermath of *Begay*.

For these reasons, I respectfully dissent from the denial of the petition for rehearing en banc.

Chief Judge LOKEN, Judge RILEY, Judge SMITH, Judge COLLOTON, and Judge SHEPHERD would grant the petition for rehearing en banc. Judge GRUENDER took no part in the consideration or decision of this matter.

---

olent and aggressive," then the relevant comparator would seem to be the enumerated offense that is least violent and aggressive, not (as Justice Scalia would have it) the enumerated offense that poses the least potential risk of physical injury to another—unless the point

of the citation to the *Begay* concurrence is that the two inquiries are the same for purposeful crimes, in which case the *Williams* panel acknowledged that *Sun Bear* already decided the issue. 537 F.3d at 972.