# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3817

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony L. Henderson, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: June 16, 2008
Filed: December 5, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The appellant's conviction and sentence in this case were affirmed in an opinion filed August 10, 2007. Subsequently, this matter was appealed to the United States Supreme Court, which granted certiorari and remanded for further consideration in light of Begay v. United States, 128 S. Ct. 1581 (2008).

Appellant Henderson's Guideline offense level was computed pursuant to U.S.S.G. § 2K2.1(a)(2) and set at a base offense level 24. That offense level was predicated upon Mr. Henderson having two prior felony convictions for crimes of violence. One of the predicate convictions was for auto tampering. This court's decision in United States v. Williams, 537 F.3d 969 (8th Cir. 2008) determined that

auto tampering no longer qualifies as a crime of violence following the United States Supreme Court decision in <u>Begay</u>. Consequently, we directed the parties to file briefs as to whether Mr. Henderson had two prior violent felonies without consideration of the auto tampering offense. The United States government has now filed a letter brief indicating that it concedes Mr. Henderson has only one predicate offense for a crime of violence. This will have the effect of reducing Mr. Henderson's base offense level to a level 20, pursuant to U.S.S.G. § 2K2.1(a)(4).

Accordingly, the sentence previously imposed in this case is vacated and the matter is remanded for resentencing consistent with this opinion.

RILEY, Circuit Judge, concurring.

I continue to agree with Judge Colloton's dissent from denial of rehearing en banc in <u>United States v. Williams</u>, No. 07-2679, 2008 WL 4767458 (8th Cir. Nov. 3, 2008).

_____