# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1788

_____

United States of America,

        Appellee,

v.

Mark B. Davidson,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [PUBLISHED]
\*

_____

Submitted: December 12, 2007
Filed: December 30, 2008

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In an opinion filed on June 6, 2008, we affirmed the judgment of the district court, which found Davidson guilty of unlawful possession of a firearm as a felon and sentenced him to 262 months' imprisonment. *United States v. Davidson*, 527 F.3d 703 (8th Cir. 2008). Davidson then filed a petition for rehearing, arguing that in light of intervening precedent, the offense of tampering with an automobile by operation in Missouri is not a "crime of violence" for purposes of USSG § 4B1.2(a). As a consequence, he contends, the applicable offense level under the advisory guidelines for his offense of conviction should have been 33 rather than 34. *See* USSG § 4B1.4(b). With a reduced offense level, the advisory guideline range would have

been 235 to 293 months' imprisonment, rather than 262 to 327 months' imprisonment, and Davidson argues that there is a reasonable probability that the district court would have imposed a shorter term of imprisonment if the court had used the lower range as a starting point for its analysis.

After this case was submitted, the Supreme Court decided *Begay v. United States*, 128 S. Ct. 1581 (2008), which held that the offense of driving under the influence in New Mexico was not a "violent felony" within the meaning of 18 U.S.C. § 924(e). After our opinion was filed in this case, another panel of this court, relying on *Begay*, overruled circuit precedent and held that auto tampering by operation in Missouri is not a crime of violence under USSG § 4B1.2. *United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir.), *reh'g denied*, 546 F.3d 961 (8th Cir. 2008). In light of this intervening decision, we grant Davidson's petition for rehearing. *See United States v. Byers*, 740 F.2d 1104, 1115 n.11 (D.C. Cir. 1984) (plurality opinion) (Scalia, J.); *id.* at 1161 n.138 (Bazelon, J., dissenting); *Lowry v. Bankers Life & Cas. Ret. Plan*, 871 F.2d 522, 523 n.1 (5th Cir. 1989) (per curiam); *cf. United States v. Maynie*, 257 F.3d 908, 908 n.1 (8th Cir. 2001) (allowing supplemental briefing after oral argument in light of intervening precedent); *United States v. Poulack*, 236 F.3d 932, 935 (8th Cir. 2001) (allowing pre-argument supplemental briefing based on intervening precedent).

Under current law, it was plain error for the district court to conclude that Davidson's commission of tampering by operation was a crime of violence. There is a reasonable probability (though not a certainty) that a reduced advisory range would have influenced the district court to impose a more lenient sentence, given that the advisory range remains a "starting point and the initial benchmark" in a sentencing proceeding, and the use of an incorrect advisory range is a "significant procedural error." *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Accordingly, we conclude that relief is warranted under the standard for plain error review. *See United States v. Armstead*, 546 F.3d 1097, 1112 (9th Cir. 2008); *United States v. Lee*, 288 F.

App'x 264, 272 (6th Cir. 2008); *see generally United States v. Olano*, 507 U.S. 725 (1993); *United States v. Pirani*, 406 F.3d 543, 553-54 (8th Cir. 2005) (en banc). The government contends that if Davidson had objected to the conclusion that tampering by operation was a crime of violence, then it could have produced additional evidence that Davidson was committing a different crime of violence. The district court may consider any such evidence on remand. *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992).

This court's judgment of June 6, 2008 is vacated. For the reasons set forth in our prior opinion, Davidson's conviction is affirmed, and we uphold the district court's decision to classify Davidson as an armed career criminal pursuant to 18 U.S.C. § 924(e). The prior opinion is vacated only to the extent that it affirmed the district court's judgment in its entirety; the opinion remains in place with respect to all issues raised and decided therein. Because of the intervening decision in *Williams*, we vacate Davidson's sentence and remand for further proceedings consistent with this opinion.

RILEY, Circuit Judge, concurring.

I continue to agree with Judge Colloton's dissent from denial of rehearing en banc in *United States v. Williams*, 546 F.3d 961 (8th Cir. 2008).

_____