# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1698

_____

United States of America,

        Appellee,

v.

Anthony R. Villarreal,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted:  October 14, 2008
Filed:  March 20, 2009 (Corrected March 24, 2009)
(Corrected March 31, 2009)

_____

Before COLLOTON, BOWMAN and BENTON, Circuit Judges.

_____

PER CURIAM.

Anthony Villarreal pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Villarreal was a career offender under USSG § 4B1.1, and that his base offense level was 26 under USSG § 2K2.1(a)(1), because he had sustained one prior conviction for a felony controlled substance offense and one prior conviction for a felony crime of violence. The crime of violence was a Missouri conviction for tampering with a motor vehicle by operation. *See* Mo. Rev. Stat.

§ 569.080.  After other adjustments based on USSG §§ 2K2.1(b)(3)(B) and 3E1.1, the court calculated the advisory guideline range to be 110 to 120 months' imprisonment.

Villarreal did not object to the guideline calculation, but argued that the district court should vary from the advisory guidelines because of sentencing disparity caused by the crime-of-violence determination, and because of mitigating factors surrounding the offense of conviction.  The district court rejected Villarreal's arguments and imposed a sentence of 110 months' imprisonment, at the bottom of the advisory range.  Villarreal appeals, arguing that the district court erred in finding that his prior Missouri conviction for tampering with a motor vehicle by operation is a crime of violence within the meaning of USSG § 4B1.2, and in failing to consider adequately the sentencing factors set forth in § 3553(a).

While Villarreal's appeal was pending, the Supreme Court decided *Begay v. United States*, 128 S. Ct. 1581 (2008), which held that the New Mexico offense of driving under the influence was not a "violent felony" under 18 U.S.C. § 924(e).  Thereafter, another panel of this court, relying on *Begay*, overruled circuit precedent and held that the Missouri offense of auto tampering by operation is not a crime of violence under USSG § 4B1.2.  *See United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir.), *reh'g denied*, 546 F.3d 961 (8th Cir. 2008).  Therefore, under current law, the district court plainly erred in determining that Villarreal's previous conviction for tampering by operation was a crime of violence.  *See United States v. Davidson*, 551 F.3d 807, 808 (8th Cir. 2008) (per curiam).  Without such a determination, Villarreal's advisory guideline range would have been 46-57 months' imprisonment rather than 110-120 months' imprisonment.  Although the district court briefly indicated that it would consider imposing the same sentence without Villarreal's career offender status, S. Tr. 47, we nonetheless believe there is at least a reasonable probability that a reduced advisory range would have influenced the district court to impose a more lenient sentence.  *Davidson*, 551 F.3d at 808.  Accordingly, we conclude that relief is warranted under a plain error standard of review.  *See id.*

For these reasons, we vacate the judgment of the district court and remand for resentencing. We decline at this juncture to address Villarreal's challenge to the district court's consideration of the § 3553(a) factors. *See United States v. Huber*, 404 F.3d 1047, 1063 (8th Cir. 2005).

_____