# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mark B. Davidson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 3, 2010
Filed: November 8, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Mark Davidson of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At a resentencing hearing following a limited remand, the district court[1] sentenced Davidson as an armed career criminal under 18 U.S.C. § 924(e) to 180 months in prison and 5 years of supervised release. Davidson appeals, raising as the sole issue whether his prior convictions for attempted domestic assault and resisting arrest by fleeing constituted separate convictions for purposes of section 924(e).

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

We conclude that, under the law-of-the-case doctrine, Davidson is precluded from challenging his classification as an armed career criminal based on the argument that his prior convictions for attempted domestic assault and resisting arrest did not constitute separate convictions for purposes of section 924(e).  See United States v. Davidson, 551 F.3d 807, 808-09 (8th Cir. 2008) (per curiam) (upholding prior decision that Davidson was properly classified as armed career criminal under § 924(e); vacating sentence on other grounds and remanding to district court for resentencing); see also United States v. Castellanos, 608 F.3d 1010, 1016 (8th Cir. 2010) (when appellate court remands case to district court, all issues decided by appellate court become law of case, and district court on remand must adhere to any limitations imposed on its function by appellate court); United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam) (declining to review issue which had been decided in prior appeal; under law-of-the-case doctrine, decision in prior appeal is followed in later proceedings unless substantially different evidence is introduced or prior decision is clearly erroneous and works manifest injustice).

Accordingly, we affirm the district court's judgment.  See 8th Cir. R. 47B.

_____